Armando Lisasuain v. USA                    CV-98-624-B    04/22/99

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Armando Lisasuain**

    v.                                    Civil No. 98-624-B

**United States of America**


MEMORANDUM AND ORDER


    I have reviewed Armando Lisasuain's motion seeking relief pursuant to 28 U.S.C. § 2255, the government's objection to the motion, Lisasuain's response to the government's objection, Lisasuain's motion to amend his § 2255 motion, the files in the underlying case, the trial transcript, and the sentencing hearing transcript. I am also thoroughly familiar with the underlying case as I presided over Lisasuain's two-day criminal trial and his sentencing. Based on my familiarity with the case and my review of the record, I am satisfied that, notwithstanding Lisasuain's conclusory allegations to the contrary, the record conclusively demonstrates that Lisasuain is not entitled to relief pursuant to § 2255. Accordingly, for reasons I explain in greater detail below, I deny his § 2255 motion without holding an

evidentiary hearing.  See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998).

Lisasuain's claims fall into three different categories.  He first contends that his conviction should be vacated because it was based on perjured testimony and insufficient evidence.  He next argues that I made certain legal errors during his sentencing hearing.  Finally, he argues that his trial counsel, his sentencing counsel, and his appellate counsel were all constitutionally ineffective.  I address each class of claims in turn.

## I.    Perjured Testimony and Sufficiency of the Evidence

The first five grounds cited by Lisasuain in support of his motion challenge the truthfulness of the government's witnesses and argue that the evidence was insufficient to support his conviction.  The short answer to these claims is that they simply have no merit.  The jury rejected Lisasuain's challenges to the government's evidence at trial and the government produced ample evidence to warrant a conviction.  Lisasuain cites no new evidence that would call into question the jury's decision.

2

## II.   Sentencing Errors

Lisasuain also argues that I erred in giving him an obstruction of justice enhancement for committing perjury during his trial and in determining that he should be sentenced as a career offender.  Lisasuain cites no new evidence to support his challenges to these decisions and the record provides ample support for both enhancements.  Moreover, the First Circuit Court of Appeals has already rejected Lisasuain's career offender claim.  See United States v. Lisasuain, No. 97-1172 (1st Cir. Aug. 5, 1998) at 2.  Accordingly, I reject both arguments.

## III.   Ineffective Assistance of Counsel

Lisasuain's remaining arguments challenge the effectiveness of his trial counsel, his sentencing counsel, and his appellate counsel.  In order to establish an ineffective assistance of counsel claim, Lisasuain must establish that "(1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that but for counsel's error the result of the proceedings should have been different." Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996). Lisasuain's claims must be rejected because he can satisfy neither requirement.

## A.    Trial Counsel

Lisasuain argues in a conclusory fashion that his trial counsel was ineffective because she (1) failed to call the government's informant, Henry Bellamare, as a trial witness; (2) failed to exploit evidence suggesting that the telephone number that Bellamare allegedly dialed to set up the drug deal was an unlisted number not registered to Lisasuain; and (3) conducted an ineffective direct-examination of Lisasuain.  Each contention is easily answered.  First, defense counsel's decision not to call Bellamare was a reasonable, tactical decision and both her exploitation of the allegedly erroneous telephone number and her direct-examination of the defendant were competently done.  Second, Lisasuain has failed to explain how calling Bellamare, using the telephone number issue more effectively, or conducting a more powerful examination of the defendant could have produced a different outcome.  Accordingly, Lisasuain has failed to establish either aspect of his claim that his trial counsel was constitutionally ineffective.

## B.    Sentencing Counsel

Lisasuain complains that his sentencing counsel was ineffective because he failed to object to the use of his prior convictions at sentencing.  The short answer to this argument is

4

that it was considered and rejected by the court of appeals when it resolved his direct appeal.  See Lisasuain, No. 97-1172 (1st Cir. Aug. 4, 1998) at 2.

### C.    **Appellate Counsel**

Lisasuain argues that his appellate counsel was ineffective because he failed to raise the issues Lisasuain is attempting to raise in his § 2255 motion.  As I have already determined that none of Lisasuain's other § 2255 arguments have merit, I reject his argument that his appellate counsel was ineffective because he failed to raise the issues himself.


## IV.    **Conclusion**

As all of Lisasuain's claims are plainly lacking in merit, his motion is denied.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge


April 22, 1999

cc:  Armando Lisasuain, pro se

5